**Alma WALKER, et al., Third-party Plaintiffs–Appellants,**

v.

**ST. LOUIS BOARD OF EDUCATION, et al., Third-party Defendants–Respondents.**

No. 55769.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 12, 1989.

Hullverson, Hullverson & Frank, James E. Hullverson, St. Louis, for third-party plaintiffs-appellants.

Lashly, Baer & Hamel, Margaret M. Mooney, Kenneth C. Brostron, and Tina A. Odo, St. Louis, for third-party defendants-respondents.

PUDLOWSKI, Presiding Judge.

This case involves an appeal by third-party plaintiffs, Alma Walker, Mona Kozlen, Jittaun Kee, Janice Turley, and Constance Westbrook, [teachers] from an October 7, 1988 order sustaining a motion for summary judgment in favor of third-party defendants Board of Education of the City of St. Louis [Board], Penelope Alcott, Nathanial Johnson, Dr. Joyce M. Thomas, Raymond Decker, Richard K. Gaines, Roy B. Gillyon, John P. Mahoney, Douglas Rush, Juanita Walten, Michael K. Sheehan, Marjorie R. Smith and Dorothy C. Springer, members of the Board of Education of the City of St. Louis. Third-party plaintiffs seek indemnification for an August 1987 verdict entered against the teachers in a suit in negligence for the wrongful death of a sixth grade student, James Warren.

The teachers' claim against the Board arose out of the Board's refusal to defend the teachers in a wrongful death suit. This court has been presented with the facts underlying this appeal in previous cases.[1] On May 18, 1984, Jamie Warren, a sixth grade student at the Clinton Middle School, drowned in the Meramec River while on a school sponsored field trip at Meramec Caverns. Teachers were the supervisors of this field trip. Subsequently, on December 16, 1984, the parents of Jamie Warren filed suit against teachers. On or about February 8, 1985 teachers, relying on the Board's Regulation No. 5280, requested that the School Board defend them and satisfy any judgments against them arising out of the accident. On February 12, 1985, the Board

---

1. For a more exhaustive explanation of the facts see *Westbrook v. Board of Education of the City of St. Louis,* 724 S.W.2d 698 (Mo.App.1987) and *Bell v. Board of Education of the City of St. Louis,* 711 S.W.2d 950 (Mo.App.1986).

met in Executive Session concerning the request. The Board voted to deny protection to the teachers pursuant to Board Regulation 5280. In reaching its decision the Board relied on its Findings of Fact, Conclusion of Law and Decision, dated October 30, 1984 by which it terminated the teachers. The Board had found that all third-party plaintiffs violated Board Regulation 6218. On March 16, 1987, appellants filed a first amended third party petition in two counts for declaratory judgment and breach of contract seeking to require the Board to provide a defense for the teachers, satisfy any money judgment and reimburse them for attorney's fees, expenses and court costs incurred in connection with the defense of the suit filed by Jamie Warren's parents. On May 12, 1987 the Board's motion to sever the third-party action was granted.

The Warren trial began July 6, 1987 before the Honorable Edward M. Peek. On July 9, 1987, the jury returned a verdict in the amount of $800,000 and assessed fault among the teachers. The trial court entered judgment on the verdict.

Thereafter, the third-party breach of contract case resumed. Based on the pleading, depositions, and other materials in the file, defendant Board of Education moved for summary judgment. On October 7, 1988, the circuit court, the Honorable Judge Brendan Ryan, entered summary judgment in favor of the School Board. This appeal timely followed that summary judgment. We affirm.

The sections of the regulations in issue are set out below.

Board Regulation No. 5280—Protection of Employees Against Liability Claims.

§ A. The board will defend its employees against lawsuits filed against them individually for personal injuries or property damage growing out of their employment duties with the Board of Education. In such lawsuits, the Board will also satisfy money judgments entered against its employees to the extent of $1,000,000 per occurrence.

§ C 2 The Board may deny protection to any employee who causes bodily injury or property damage as a direct result of the employees' violation of a Board rule or regulation, or of an administrative order or directive, whether verbal or written.

Board Regulation No. 6218 permits a teacher to take students on educational field trips under certain circumstances and requires the teacher in so doing to use reasonable care to look out for the safety of students during the trip.

The principles governing a review of summary judgment are well established. "Review of summary judgment is equivalent to review of a court-tried or equity proceeding, and if, as a matter of law, the judgment is sustainable on any theory, the judgment of the trial court must be sustained." *Roberts Fertilizer, Inc. v. Steinmeyer*, 748 S.W.2d 883, 886 (Mo.App.1988). Also, in order to withstand a motion for summary judgment there must be no genuine issue of fact in dispute. *Sands v. James Clinic & Associates, Inc.*, 668 S.W.2d 273, 275 (Mo.App.1984).

■ Teachers assert that the Board Regulations are part of a contract between the teachers and the Board. They submit that § A of Board Regulation No. 5280 and § C 2 of that regulation are contradictory and render illusory the entire contract. In their lengthy and sole point relied on teachers contend that a question of fact for the jury was presented as to whether the parties agreed and intended that any negligent mistake on the part of the teachers would vest, in the School Board alone, the discretion to determine that the teachers were negligent in causing personal injury, and in turn thereby violated a regulation requiring the teachers to use reasonable care.

■ Whether or not a contract is ambiguous is a question of law for the court. *Busch and Latta Painting Corp. v. State Highway Commission*, 597 S.W.2d 189, 197 (Mo.App.1980). Therefore, the question concerning the ambiguity of Regulation No. 5280 was one to be determined by Judge Ryan.

Board Regulation No. 5280 is neither unclear nor ambiguous. The plain language

of Regulation No. 5280 indicates that the Board agrees to provide indemnity only to those employees who comply with Board Regulations. There is nothing unclear about this limitation. The words of the regulation expressly reserve to the Board the right to deny protection when the injury for which tort recovery is sought against the employee results from a violation of one of several types of administrative directives to that employee.

In denying protection to teachers, the Board based its decision upon earlier findings of fact and conclusions of law that each teacher had violated Board Regulation No. 6218 by failing to exercise reasonable care to look out for the safety of their student, Jamie Warren. The violation of Regulation No. 6218 clearly falls within the limitation placed upon Regulation No. 5280 by § C 2 which gives the Board power to deny protection to any employee who causes bodily injury as a direct result of the *employee's violation of a Board rule or regulation*.

We find that as a matter of law, third-party defendants were entitled to summary judgment and affirm the trial court's judgment.

CRANDALL and KAROHL, JJ., concur.